IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2004

## JAMES HOWARD DAVIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Benton County**
**No. CR998-PC-1     C. Creed McGinley, Judge**

---

**No. W2003-01403-CCA-R3-PC  - Filed March 18, 2004**

---

The Appellant, James Howard Davis, appeals the Benton County Circuit Court's dismissal of his petition for post-conviction relief. Davis pled guilty to driving under the influence ("DUI") eighth offense and violation of the Motor Vehicle Habitual Offenders Act. On appeal, he asserts that he was denied the effective assistance of counsel. Finding no error, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Guy T. Wilkinson, District Public Defender; Vicki S. Snyder, Assistant District Public Defender, Camden, Tennessee, for the Appellant, James Howard Davis.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kathy D. Aslinger, Assistant Attorney General; G. Robert Radford, District Attorney General; and Beth Boswell and Eleanor Cahill, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On May 4, 2002, Benton County Deputy Jeffrey Lynn Arnold was traveling on Eva Road in Benton County, when he observed a 1983 Cadillac traveling in the opposite direction "off the shoulder of the road." After turning around, Deputy Arnold observed the Cadillac, driven by the Appellant, cross the yellow line and again "run off the shoulder three times" before the vehicle could be stopped. Upon approaching the Cadillac, the Deputy asked the Appellant if he had been drinking. The Appellant responded, "yes" he was drinking, and he further explained, "[a]s a matter of fact, I've

been drunk for three days." When asked how many drinks he had consumed, the Appellant replied, "[o]bviously, too many." As the Appellant was holding onto his car, he was asked if he could perform any sobriety tests. The Appellant replied he could not because "he probably couldn't stand up to do none." At this point, the Appellant was arrested for DUI and placed into custody.

Following a records check, the Appellant was charged with DUI tenth offense, driving on a revoked license sixth offense, and violation of the Motor Vehicle Habitual Offenders Act (MVHO). Subsequent to his indictment, the Appellant pled guilty to the felony offense of DUI eighth offense and violation of the MVHO Act and was sentenced to three years for each offense to be served concurrently.

## Analysis

On appeal, the Appellant first asserts that trial counsel was ineffective for failing to "investigate his case, fail[ing] to spend sufficient time advising the defendant, fail[ing] to effectively communicate in writing and orally with the defendant and fail[ing] to properly prepare paperwork in this cause." In this regard, we are provided no suggestion as to how any further investigation, communication, or preparation of paperwork would have produced the probable result that the Appellant would not have pled guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985) (applying the two-part standard of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) to guilty pleas).[1] The evidence of guilt in this case could aptly be characterized as overwhelming. The constitutional guarantee to effective assistance of counsel does not require the performance of a miracle. The Appellant has failed to establish by clear and convincing evidence that trial counsel was deficient. Accordingly, this claim must fail. *See* Tenn. Code Ann. § 40-30-110(f) (2003).

In a second area of claimed deficient representation, the Appellant argues that trial counsel failed to "properly inform him that he would not be guaranteed a placement in a special needs facility in the Tennessee Department of Correction." He contends that he was told by trial counsel that he would be placed in a special needs facility and, if he had known this would not take place, he would not have pled guilty. The Appellant's position was contradicted by trial counsel and the prosecutor at the post-conviction hearing. The post-conviction court in ruling on this factual dispute concluded, "Although special needs facility was discussed, it was never a guarantee or a part of the Plea Agreement . . . [T]hat it would merely be a recommendation that would be placed upon the judgment that all parties clearly understood would not be binding on the Department of Correction." The record supports this finding. Accordingly, this issue is without merit.

---

[1]The two-part standard of measuring ineffective assistance of counsel under *Strickland v. Washington* requires a showing of (1) deficient performance and (2) prejudice resulting from the deficiency.

## Conclusion

Based upon the foregoing, we conclude that the Appellant's claim of ineffective assistance of counsel is without merit. The judgment of the Benton County Circuit Court denying relief is affirmed.

_____
DAVID G. HAYES, JUDGE